

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 20, 1971

Honorable Bevington Reed
Commissioner of Higher
     Education
Coordinating Board
Texas College and University
     System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. M-940

Re: Fees and tuitions which may be
    be charged by public junior col-
    leges; and, the nature of educa-
    tion programs in nursing within
    contemplation of Section 1(a)(10),
    Article 2654c, Vernon's Civil
    Statutes.

Dear Commissioner Reed:

You have requested the opinion of this office as to the effect of cer-
tain aspects of House Bill No. 43 and Senate Bill No. 1036 (Acts 62nd Leg.,
R.S. 1971.) Specifically, you ask our opinion as to the following questions:

"1.    Are public junior colleges in Texas authorized
      to charge tuition in amounts which are more
      than the rates specified in House Bill No. 43 and
      Senate Bill No. 1036, 62nd Legislature, Regular
      Session, 1971?

"2.    Are public junior colleges in Texas authorized to
      charge fees other than tuition in amounts author-
      ized by the governing boards of public junior col-
      leges in Texas?

"3.    What educational programs in nursing are included
      in this phrase, '. . . school of nursing . . . .' as
      contained in Section 1(a)(10) of Article 2654c, Vernon's
      Civil Statutes, as amended by House Bill No. 43, 62nd
      Legislature, Regular Session, 1971?"

Any requirement which may fall upon the governing boards of the various public junior colleges in this State to set tuition and fees in accordance with the tuition rates for State institutions of collegiate rank as set forth in Article 2654c, Vernon's Civil Statutes, would be to qualify them for biennial appropriations from the State Treasury. This was the clear import of Articles 2815j-1 and 2, Vernon's Civil Statutes, now supplanted by Section 51.003, Texas Education Code. In its original form, Section 51.003 retained the substantive intent of its predecessor statute that the amounts required to be collected from junior college students would have to be at least as high as the senior colleges and universities in order to qualify for receipt of additional appropriations. This is made apparent since legislative appropriations to junior colleges are supplemental to and limited by the income derived from tax levies and tuition and fee charges.

Section 51.003, supra, was amended by the aforementioned House Bill No. 43, which was in turn amended by Senate Bill No. 1036, also referred to above. As it relates to the question before us, the relevant portion of Section 51.003 now reads as follows:

" (b) To be eligible for and to receive a proportionate share of the appropriation, a public junior college must:

". . .

". . .

". . .

"(4) collect, from each full-time and part-time student enrolled, matriculation and other session fees in the amounts required and provided by law for other State-supported institutions of higher education , . . ."
(Emphasis added. )

The underlined portion was carried in original Articles 2895j-1 and 2, supra, using the following language:

". . . It shall be mandatory that each institution participating in the funds herein provided shall collect from

each pupil enrolled, matriculation and other session
fees <u>not less than</u> the amounts provided for by law and
and by other state supported institutions of higher learn-
ing; . . . ." (Emphasis added. )

When the Texas Education Code was enacted by the 61st Legislature in
1969, Section 51. 003 thereof replaced Articles 2815j-1 and 2, supra, and
set up qualifications for appropriations to public junior colleges in Section
(b), which provides, in part, for the college to:

"(4) collect, from each full-time and part-time student
enrolled, matriculation and other session fees in the
amounts required and provided by law for other State-
supported institutions of higher education; . . . ."

The above set out genealogy of the statute points out very simply
what the governing boards of public junior colleges must do to qualify for
biennial appropriations from the State Treasury.  These appropriations have
been, and are now, supplemental in nature, Section 51. 003 (a), Texas Edu-
cation Code, and are based upon need for proper support, maintenance, opera-
tion, and improvement of said junior colleges.  This office is therefore of
the opinion that your first two questions can be answered in the affirmative.
You are accordingly advised that it is the opinion of this office that H. B. 43
and S. B. 1036, 62nd Leg. , R. S. 1971 (amending Section 51. 003, Texas Edu-
cation Code) established minimum fees, including tuition, that must be charged
by public junior colleges in Texas, and that the governing boards of such in-
stitutions may authorize fees, including tuition, which are above the minimums
established by the said H. B. 43 and S. B. 1036.

Your third question in essence, asks for a definition of the term
"school of nursing. " In line with our answer to your first two questions, we
presume that you ask this third question for the purpose of deciding when the
governing boards of public junior colleges must charge the minimum fee set out
in Section 1(a)(10) of Article 2654c, Vernon's Civil Statutes, as amended by
House Bill No. 43, 62nd Legislature, Regular Session, 1971.

Article 4518, Vernon's Civil Statutes, assigns to the Board of Nurse
Examiners the duty to accredit "schools of nursing and educational programs"

as meet its requirements set out in previously published minimum requirements and standards for courses of study in programs which prepare professional nurse practioners. Section 5(a) of Article 4528c, Vernon's Civil Statutes, assigns to the Board of Vocational Nurse Examiners the duty to accredit schools for the training of vocational nurses. It is therefore the opinion of this office that a "school of nursing" as set out in Section 1(a)(10) of Article 2654c, supra, must be one carrying an accreditation of its program from either the Board of Nurse Examiners, or the Board of Vocational Nurse Examiners.

## SUMMARY

1. Public junior colleges in Texas may charge tuition in amounts which are greater than the rates specified in House Bill No. 43 and Senate Bill No. 1036, 62nd Legislature, Regular Session, 1971.

2. Governing boards of public junior colleges in Texas may authorize the charging of fees other than tuition.

3. Educational programs in nursing included in the phrase "school of nursing" are those courses of study in a school of nursing receiving accreditation from the Board of Nurse Examiners, or the Board of Vocational Nurse Examiners.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Honorable Bevington Reed, page 5 (M-940)


Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

William Craig
Ray McGregor
S. J. Aronson
Rex White

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant